D. DAYTON, Administrator of the Estate of N. PERRY, deceased, *v.* C. L. HOPKINS and W. LARSEN.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPT. 22, 1896.                    DECIDED DEC. 2, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

In a declaration the note sued upon was made a part of the declaration and a copy attached. It appears from the note that one A. P. P. had signed it, but he was not joined as a party with the other joint makers. A demurrer for "variance" between the declaration and the note was properly overruled.

Failure to allege in the declaration the death of a joint maker of a promissory note who was not made a defendant may be cured by verdict, and is not a proper subject of a motion in arrest of judgment.

Quaere, whether a special demurrer or a plea in abatement would lie where non-joinder of one of the joint makers of the note appears on the face of the declaration, and it does not appear whether such maker is alive or dead.

OPINION OF THE COURT BY JUDD, C.J.

This is an action of assumpsit on a promissory note, brought by D. Dayton, administrator of the estate of Narcisse Perry, deceased, against C. L. Hopkins and W. Larsen. The note declared upon is made a part of the declaration and a copy of it is attached thereto. It is as follows:

"$2000. Honolulu, H. I., April 12, 1890.

For value received we jointly and severally promise to pay to Narcisse Perry or order, in one year from date, the sum of Two Thousand Dollars, with interest payable semi-annually at the rate of eight per cent.

A. P. PETERSON,
C. L. HOPKINS,
W. LARSEN."

Certain payments are indorsed.

The defendant Larsen demurred on the ground of a variance between the declaration and the note sued upon. This was overruled and the case was tried by the Circuit Court, First Circuit, jury waived, and judgment ordered for the plaintiff. Defendant Larsen then moved in arrest of judgment on the ground that it appears on the face of the declaration that the note sued upon was jointly and severally executed by defendant W. Larsen, C. L. Hopkins and one A. P. Peterson, whereas the plaintiff declared against said Larsen and Hopkins only, not joining said Peterson as defendant nor declaring against him, and not alleging him to be dead or beyond the jurisdiction of the court. This motion was overruled and defendant Larsen excepted.

Our statute, Sec. 1105, Civil Code, Comp. Laws, p. 322, requires "all the joint and several or joint makers of a promissory note" to be joined in a civil action.

In the case before us it appears on the face of the declaration that one A. P. Peterson was one of the joint and several makers of the note declared upon, but he is not mentioned in the declaration, nor is there any excuse or suggestion in the declaration why he was not joined. It is a general and familiar principle of the common law that where three or more persons execute a promissory note, who contract jointly and severally, they may be sued severally in separate actions, or all jointly in one action. But the creditor cannot sue two and omit the others, for in such case they are not sued either jointly or severally, as they prom-

ised. In the case before us the defendants sought to be held upon their joint obligation.

Counsel for plaintiff contend that non-joinder of a necessary party should be taken advantage of by a plea in abatement, and this would give the plaintiff a better writ by disclosing the names of parties who ought to be joined. And if this plea is not made it will be considered as waived. This is good law if the declaration does not disclose the absence of a proper party. But where on the face of the declaration it appears that a person not made defendant was a joint contractor with those who are defendants in the suit, there being no averment of any reason why such person is not joined, whether the non-joinder may be taken advantage of by special demurrer or by plea in abatement, it is not necessary here to decide. The better practice would be to aver the death of Peterson.

But in this case the defendant Larsen did not demur on the ground that it appeared on the declaration that Peterson had signed the note and was not made a party, but merely that there was a variance between the declaration and the note sued upon. But as the note is made a part of the declaration, the declaration must be read as if the note was incorporated in it, and there can be no "variance" between one part of the declaration and another. The demurrer was properly overruled.

Having gone to trial, the verdict, authorizing judgment against Larsen and Hopkins alone, has cured the defect. There is some authority apparently in favor of holding that a defect of this character may be reached by a motion in arrest, notably *Gilman v. Rives,* 10 Pet. 298. But a distinction is drawn in that case that where the declaration is to recover upon judgments, recognizances and other matters of record, and the defect of non-joinder is apparent on such record, a motion in arrest of judgment would be good.

Exceptions overruled.

*Magoon & Edings,* for plaintiff.

*A. S. Humphreys,* for defendant.